843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Edward RAWSON, Defendant-Appellant.
 No. 87-5606.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 1, 1988.
Decided: April 7, 1988.
 
 Judd Bernstein (Harris Trestman; Rabinowitz, Rafal, Swartz & Gilbert, on brief), for appellant.
 William Graham Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before ERVIN and CHAPMAN, Circuit Judges, and JAMES R. SPENCER, District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Rawson challenges his four drug related convictions by claiming that he was denied due process and the right of confrontation with the witnesses because he was denied access to the FBI Form 302 reports of witness interviews. He also claims that the Constitution requires the government to submit the Form 302 summary of a witness interview to the witness so that the witness may adopt the FBI agent's notes and thereby make the notes his own statement which may be discoverable under the Jencks Act, 18 U.S.C. Sec. 3500. We find no merit in these exceptions, and we affirm.
 
 
 2
 * There is no dispute that in December 1981 and in May 1982 large amounts of marijuana were illegally imported into North Carolina and transported into and through the State of Virginia. The factual issue was whether appellant Rawson was involved in either one or both of these shipments and transportations. The evidence presented by the prosecution was ample to prove appellant's guilt beyond a reasonable doubt as to each of the four counts.
 
 
 3
 Rawson's principal argument is that the district court erred in not furnishing him with copies of the FBI Form 302 covering the special agents' interview summaries with witnesses Watson, Lit, Ring, Hagen and Broff. He claimed that these 302 forms contained exculpatory evidence and should have been produced under Brady v. Maryland, 373 U.S. 83 (1963), and that without these materials he could not effectively cross-examine the witnesses and that he was denied his constitutional right of confrontation.
 
 
 4
 The trial judge reviewed each Form 302 and announced that he found nothing exculpatory of the appellant in any of the forms. These forms are a part of the record on appeal.
 
 II
 
 5
 We find no error in the district judge's handling of this matter. The testimony of the various prosecution witnesses did not exactly agree with every other witness' testimony as to where Rawson was at various times during the importation and transportation episodes of December 1981 and May 1982, but this is not at all unusual. When a number of witnesses agree exactly on every point, it can raise the suspicion that they have been overly coached. Discrepancies between and among the statements of various witnesses provide an opportunity for effective cross-examination and allow the jury to decide the issues of credibility and weight. This same rule applies to notes of witness interviews and mere discrepancies between what one witness may have seen or heard and what another witness may have seen or heard do not create the exculpatory evidence that must be produced under Brady. In the present case the interview summaries contained on Form 302 and the testimony of the witnesses were substantially the same, and the interview summaries and the testimony of the witnesses were overwhelmingly incriminating to the appellant.
 
 
 6
 In United States v. Bagley, 473 U.S. 667 (1985) the court determined that a conviction should not be reversed because of a Brady violation unless it deprives a defendant of a fair trial. There was no such deprivation in the present case.
 
 III
 
 7
 We find no merit to the appellant's novel suggestion that the Form 302 summary be submitted to the witness interviewed, allowing the witness to adopt the form as his statement so that it may be produced under the Jencks Act. In the present case all of the major witnesses appeared before and testified to the grand jury, and transcripts of their testimony were made available to the defendant well before the time required by the Jencks Act. There has been no showing that the benefits to be derived from following the appellant's suggestion that a witness be allowed to adopt Form 302 as his statement would not be outweighed by the problems that such a procedure would create.
 
 
 8
 AFFIRMED.